STATE OF NORTH CAROLINA v. JULIUS O. HAIRSTON

No. 63

(Filed 12 December 1973)

**Criminal Law § 177— reaffirmation of decision**

The opinion in *State v. Yoes* and *Hale v. State*, 271 N.C. 616 (1967), is reaffirmed in this belated appeal in which defendant adopted the record on appeal, assignments of error and brief filed by his codefendants in those cases.

ON *certiorari* permitting late appeal by the defendant Hairston from *Gambill, J.*, at the 30 November 1964 Criminal Session of GUILFORD.

Hairston and three companions (Yoes, Hale and Davis) were charged in separate indictments, each proper in form, with successive rapes of the same woman in Guilford County on 21 June 1964. Over objection, the cases were consolidated for trial. As to each defendant, the jury returned a verdict of guilty with a recommendation that the defendant be sentenced to imprisonment for life. In accordance with the verdict, a sentence to imprisonment for life was imposed upon each defendant and each defendant is now serving such sentence.

*Attorney General Morgan and Deputy Attorney General Vanore for the State.*

*Wallace C. Harrelson, Public Defender, for defendant.*

LAKE, Justice.

At the trial in the Superior Court, and upon his subsequent appeal to this Court, Yoes was represented by privately employed counsel. Hairston, Hale and Davis were represented by court-appointed counsel.

Upon the imposition of sentences in accordance with the verdict, each defendant, in open court, gave notice of appeal to this Court. Each defendant, in due time, petitioned the Superior Court for permission to prosecute his appeal in forma pauperis. The Superior Court denied each such petition.

Upon application by Yoes; this Court granted certiorari permitting Yoes to appeal in forma pauperis and directed that a full transcript of the trial be supplied to him at the expense

State v. Hairston

of the county, which was done. Thereafter, this Court allowed numerous further motions by Yoes for extensions of time for the docketing of the record in this Court for review.

On 4 March 1965, on motion of the Solicitor, the Superior Court dismissed the appeals of Hairston, Hale and Davis for failure of those defendants to perfect their appeals within the time allowed therefor.

More than a year thereafter, Hale and Davis filed in the Superior Court separate petitions for post conviction relief, each alleging that his right of appeal had been improperly denied. Upon the hearing of those petitions on 15 July 1966, Shaw, J., so found and ordered the court-appointed counsel for Hale and Davis to prepare and to file their respective cases for review by this Court and directed that a complete transcript of the trial proceedings be furnished them at the expense of the county. Thereupon, petitions for certiorari to permit belated appeals were filed in this Court on behalf of Hale and Davis and, in each instance, the petition was granted, the cases being ordered set for argument in this Court, in the Fall Term of 1966, together with the appeal of Yoes which was still in process of preparation by his self-employed counsel. Further motions by Yoes, Hale and Davis for further extensions of time were granted by this Court.

Yoes, Hale and Davis joined in presenting to this Court the same record for review, the same assignments of error and a common brief. The printed record consisted of 1,562 pages, the assignments of error were 53 in number and the brief for the appellants covered 153 printed pages. The three appeals were consolidated for oral argument and were fully argued in this Court 6 September 1967.

The unanimous opinion of this Court, filed 1 November 1967, after careful consideration of each of the 53 assignments of error and each contention advanced by each of the three defendants, was that no error had been committed by the trial court and no reason had been shown to disturb the verdict, or the judgment rendered thereon, as to any of the defendants Yoes, Hale and Davis. *State v. Yoes* and *Hale v. State*, 271 N.C. 616, 157 S.E. 2d 386.

Careful consideration of the record of the trial and of subsequent proceedings culminating in that decision by this Court, then and now, led and leads inescapably to the conclusion that

the defendants Yoes, Hale and Davis were afforded every opportunity to present in the trial court, and on appeal, each and every defense or contention they, or any of them, saw fit to present, and to the conclusion that each received a trial free from prejudicial error and was sentenced to imprisonment in full accordance with the law of this State and in accord with the provisions of the Constitution of the United States.

In our opinion in *State v. Yoes* and *Hale v. State, supra,* at page 621, we noted: "Acting upon the advice of his court-appointed counsel, Hairston did not perfect his appeal, has not sought post conviction relief and has not otherwise sought appellate review of the judgment entered against him." See page 1274 of the record in that case, now also before us on the present appeal. This was the state of Hairston's case almost three years after he entered the State prison to serve the sentence so imposed upon him.

This Court is now advised, for the first time, that, after the lapse of still another three years, Hairston, through privately employed counsel, filed a petition for post conviction relief in the Superior Court, which petition was denied 8 October 1970, and that he thereafter filed an application with the United States District Court for the Middle District of North Carolina for a writ of habeas corpus. That application was denied and dismissed by District Judge Gordon, but his order was vacated by the United States Court of Appeals for the Fourth Circuit and the District Court was directed to grant the application if the State failed to grant Hairston a belated appeal or a retrial.

On 2 August 1973, the Superior Court appointed Wallace C. Harrelson, Public Defender for Guilford County, counsel for Hairston to prosecute his application for appellate review of his trial and conviction and directed that the State furnish Hairston a transcript of the trial and pay the cost thereof, together with all costs of the proceedings in the Appellate Division; i.e., in this Court, since appellate review of a sentence to imprisonment for life can be had in this Court only.

On 6 August 1973, a petition was filed in this Court for the issuance by us of a writ of certiorari to permit such appellate review, the first petition of any kind ever filed by, or on behalf of, Hairston in this Court. That petition was allowed, in our discretion, on 17 August 1973, just as it, obviously, would have been allowed by us in 1966 had Hairston then sought our per-

mission to file a belated appeal, as did his codefendants Hale and Davis. The order so entered by us waived compliance with the rule of this Court requiring the narration of the evidence in the statement of the case on appeal, so as to expedite the hearing of the appeal. The matter was set for argument in this Court on 9 October 1973 and the defendant was directed to file his brief on or before 12 September 1973. On that date Hairston, through his assigned counsel, petitioned this Court for an extension of time for the filing of his brief and this was promptly allowed by the order of this Court on 13 September 1973.

The record proper having been filed in this Court on 28 August 1973, the following stipulation was filed in this Court on 27 September 1973 by Hairston's assigned counsel and by the Attorney General, representing the State:

"IT IS STIPULATED AND AGREED * * * :

"1. That the Case on Appeal to the Supreme Court of North Carolina of the defendant Charles Donald Yoes, 271 N.C. 616 (1967) contains certain motions, objections, exceptions, evidence * * * and other matters * * * . It is stipulated and agreed that regardless of what the record indicates the same * * * are deemed to have been made on behalf of and introduced against the defendant Julius O. Hairston.

"2. That the purpose of entering into this stipulation is that the defendant Julius O. Hairston adopt the YOES case on appeal as his own individual Case on Appeal, thus avoiding the necessity of recompiling and reproducing lengthy individual case on appeal at the expense of Guilford County.

"3. The record in the YOES case indicates that defendant Yoes made certain objections, challenges, exceptions and offered evidence in regard to the selection of the jury. * * * [I]t is agreed that such * * * are deemed to have been made for or against the defendant Julius O. Hairston."

On 27 September 1973, Hairston, through his counsel, filed the following petition in this Court:

"Counsel for Petitioner-Appellant and Assistant Attorney General Richard N. League, have stipulated that the record and assignments of error in the case of STATE v.

YOES and HALE v. STATE, 271 N.C. 616 (1967), constitute the record on appeal in the case at bar.

"Counsel has reviewed and studied the record of trial, assignments of error, the brief of counsel in STATE v. YOES and HALE v. STATE. Counsel has searched and considered Federal and State legal authorities bearing on the issues raised in the case and finds no changes in the law which would require additional briefing or argument before the Court.

"Petitioner-Appellant desires to adopt the assignments of error and the brief previously filed in the case of STATE v. YOES and HALE v. STATE as his own.

"Now, THEREFORE, Petitioner-Appellant prays unto the Court:

"1. That it consider the above-mentioned assignments of error and brief in the case at bar;

"2. That the judgment be set aside."

On 28 September 1973, this Court entered its order permitting Hairston so to adopt as his own the assignments of error and brief of Yoes, Hale and Davis.

Because of the serious nature of the offense of which Hairston was convicted and because of the nature of the sentence imposed upon him as the result thereof, we have again carefully reviewed the assignments of error and the brief so filed on behalf of the defendants Yoes, Hale and Davis, and now adopted as his own by Hairston, and have also reviewed carefully our decision in *State v. Yoes* and *Hale v. State, supra.* Notwithstanding the statement by Hairston, through his counsel, that his research has disclosed no State or Federal authority indicating any change in the applicable law since the issuance of our opinion therein, we have also conducted our independent research into these matters and we, likewise, have found no additional authority favorable to the position of the defendant. It would serve no useful purpose to review or extend the discussion of the numerous questions of law dealt with and decided in that opinion. It is now reaffirmed.

We direct attention, however, to the fact that in 1967, after the trial of these defendants, the General Assembly rewrote all provisions of Chapter 9 of the General Statutes relating to the

procedure for the selection of juries. The present law on this subject, which is statewide in its application, consists of G.S. 9-1 to G.S. 9-26, inclusive. Without intimating that the procedures followed in Guilford County, in the selection of the grand jury and the petit jury which indicted and tried Hairston and his codefendants, were in any respect defective or contrary to law, other than as noted by us in *State v. Yoes* and *Hale v. State, supra,* we call attention to the fact that these procedures are now no longer in effect in Guilford County or elsewhere in this State.

No error.